528 So.2d 1352 (1988)
Joseph FLEURIT, Appellant,
v.
STATE of Florida, Appellee.
No. 87-158.
District Court of Appeal of Florida, First District.
August 8, 1988.
Michael E. Allen, Public Defender, Terry P. Lewis, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Bradford C. Thomas, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant was convicted upon trial by jury of the offense of trafficking in cocaine, possession of cocaine, and resisting an officer without violence.
Under the holding of Carawan v. State, 515 So.2d 161 (Fla. 1987), which was decided during the pendency of this appeal, conviction of both trafficking in cocaine and possession of cocaine was improper. We therefore reverse the judgment and sentence with respect to the Count One offense of possession of cocaine and remand to the trial court with instructions that an order be entered discharging the appellant from the Count One charge.
We have examined the remaining issues raised by the appellant and find no reversible error. The various prosecutorial comments and evidentiary items objected to by appellant were either properly received, not properly objected to, or their admission constituted harmless error.
AFFIRMED in part, REVERSED in part.
THOMPSON and NIMMONS, JJ., concur.
BARFIELD, J., dissents with written opinion.
*1353 BARFIELD, Judge, dissenting:
Of thirteen trial judge rulings questioned by the appellant, twelve are clear error. All of them are prosecutorial comments allowed or tender of evidence admitted which were calculated to depict appellant as an evil person who has the propensity to commit crime. Characterization of these rulings as harmless error reinforces the notion that prosecutors in the presence of a sympathetic trial judge are immune from sanction by this court.
I will concede to my colleagues that the admissible evidence in this case would likely have convicted the accused if fairly presented to the jury. However, application of the harmless error rule ignores the defendant's right to lose in a fair fight, a matter which I consider an essential component of substantial justice.
I would reverse the conviction and order a new trial.